FILED
RICHARD W. NAGEL
CLERK OF COURT

2019 MAR 20 PM 2: 35

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF CELLULAR TELEPHONE DESCRIBED AS: | CASE NO. **1:19MJ-198** |
| iPhone: Model A1533<br>FCC ID: BCG-E2642A<br>IMEI:352006066069759 | **UNDER SEAL** |

iPhone: Model A1586
FCC ID: BCG-E2816A
IMEI: 356151092640383

iPhone: Rose Gold
SIM: 8901260152799664326
SIM Holder: 352990098531334

Samsung: Model SM-J260T1
S/N: J260T1UVU1ARK8
IMEI: 352475/10/049910/0

Kyocera: Model C5170
FCC ID: V65C5170
DEC: 268435459914918932

iPhone: Model A1688
IC: 579C-E2946A

Samsung: Model SM-G928T
IMEI: 353753070557092

Samsung: Model SM-G550T1
IMEI: 354151/08/297690/6

LG: Model LM-X210MA
S/N: 811CYBD618405
IMEI: 352737-10-618405-5

Coolpad: Model 3622A
IMEI: 863519033580932

ZTE: Model Z833
S/N: 325166802157
IMEI: 862147031940634

Nokia: Model 111.1
IMEI: 358122/05/254772/6

**Located at the** DEA Cincinnati Resident Office
36 E. 7th Street, Suite 1900
Cincinnati, Ohio

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Michael J. Keller, a Special Agent with the Drug Enforcement Administration (DEA), being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—electronic devices, more fully described in Attachment A—which are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Special Agent with the DEA and have been so employed since November 2017. Prior to being employed with the DEA, I served as a Military Police Officer in the Illinois Army National Guard for 6 years. I have successfully completed the DEA Basic Agent Training Program, at the DEA Academy, in Quantico, Virginia. During these courses I received training in the investigation of offenses involving controlled substances. As a Special Agent of the DEA, my duties and responsibilities have included conducting criminal investigations for violations of federal law, particularly those found in Title 21 and Title 18 of the United States Code.

2

3. I am currently assigned to the Cincinnati Resident Office of the DEA. I have received specialized training from the DEA, including the 18-week Basic Agent Training course. This training focused on methods of unlawful drug trafficking; the identification of controlled substances; surveillance; undercover operations; confidential source management; the means by which drug traffickers derive, launder, and conceal their profits from drug trafficking; the use of assets to facilitate unlawful drug trafficking activity; and, the law permitting the forfeiture to the United States of assets purchased with drug proceeds or assets used or intended to be used to facilitate the drug violations.

4. Through my training and experience, I know that those involved in the illegal sale and distribution of narcotics often store in their cell phones and mobile devices, contact information for their associates so that they may stay in ready contact with their customers and source(s) of supply. Often the information stored in the contact list may be in the form of a code to conceal the true identity of the contact.

5. Through my training and experience, I am aware that drug traffickers often communicate with their customers, couriers, and/or associates through the use of standard hardline telephones, cellular telephones, and digital display paging devices, or use of multiple telephones or other devices, to avoid detection by law enforcement.

6. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

### **IDENTIFICATION OF THE DEVICES TO BE EXAMINED**

7. The property to be searched:

a) iPhone: Model A1533
   FCCID: BCG-E2642A
   IMEI: 352006066069759

b) iPhone: Model A1586
   FCC ID: BCG-E2816A
   IMEI: 356151092640383

c) iPhone: Rose Gold
   SIM: 8901260152799664326
   SIM Holder: 352990098531334

d) Samsung: Model SM-J260T1
   S/N: J260T1UVU1ARK8
   IMEI: 352475/10/049910/0

e) Kyocera: Model C5170
   FCC ID: V65C5170
   DEC: 268435459914918932

f) iPhone: Model A1688
   IC: 579C-E2946A

g) Samsung: Model SM-G928T
   IMEI: 353753070557092

h) Samsung: Model SM-G550T1
   IMEI: 354151/08/297690/6

i) LG: Model LM-X210MA
   S/N: 811CYBD618405
   IMEI: 352737-10-618405-5

j) Coolpad: Model 3622A
   IMEI: 863519033580932

k) ZTE: Model Z833
   S/N: 325166802157
   IMEI: 862147031940634

l) Nokia: Model 111.1
   IMEI: 358122/05/254772/6

8. Telephones a) through e) were located and seized during the arrest of Oscar TORBERT by the Cincinnati Police Department on March 13, 2019 in Cincinnati, Ohio.

9. Telephones f) through l) were located and seized during the search warrant at 2504 Kipling Avenue, Apt 2, Cincinnati, Ohio 45239.

10. The applied-for warrant would authorize the forensic examination of the Subject Telephones for the purpose of identifying electronically stored data particularly described in Attachment B.

## SUMMARY OF INVESTIGATION

11. On January 22, 2018, Cincinnati Police Officers Jennings and Brians met with a confidential (CS) [1] to pursue purchasing heroin from Oscar TORBERT at 1418 Regent Ave. Cincinnati, OH. The CS placed a recorded call to who officers believe to be TORBERT at 513-617-7554 at approximately 4:20 p.m. with the purpose of arranging a heroin purchase of .5 grams. TORBERT agreed to sell to the CS and advised the CS to call back in ten minutes for a location to meet. At approximately 4:30p.m., the CS placed a second recorded call to TORBERT 513-617-7554 to arrange a meeting location and the CS was directed to the rear of 1418 Regent Avenue. The CS was searched and given $40 of recorded US Currency. At approximately 4:38p.m. a black Ford Fusion parked at Oberlin Avenue and Hafer Alley. Officers observed TORBERT exit the driver side of the Fusion and enter the passenger seat of a silver Honda, driven by an unidentified white female. The silver Honda then drove back into Hafer Alley, to the rear of 1418 Regent Avenue, where they met with the CS. The CS then purchased heroin

---

[1] The CS was convicted of theft in 2011 and is cooperating for monetary payment. The CS has previously been able to provide information that has been independently corroborated by law enforcement officers.

5

from TORBERT. The CS walked back to Officers Jennings and Brians from 1418 Regent Avenue at 4:45p.m. The heroin was recovered from the CS, the CS was debriefed about the buy and stated that TORBERT sold the CS the heroin.

12. On March 6, 2019, the Honorable Michael R. Barret, United States District Court Judge in the Southern District of Ohio, signed a court order authorizing the interception of wire and electronic communications to and from TORBERT's telephone numbers 513-331-1962, 513-629-0062, and 513-968-0077. Based on call record analysis, physical surveillance, and intercepted communications, agents determined that TORBERT was the user of the telephones and that TORBERT appeared to be distributing controlled substances throughout the Cincinnati, Ohio area.

13. On March 13, 2019, law enforcement officers observed TORBERT depart his stash house in a gray sedan. Shortly thereafter, Officers with the Cincinnati Police Department and Troopers with the Ohio State Highway Patrol, stopped the gray sedan and found TORBERT to be in the back seat of the vehicle. Pursuant to the traffic stop, officers located and seized the Subject Telephones and a small amount of suspected fentanyl from TORBERT. It was determined that an active arrest warrant had been issued for TORBERT, so TORBERT was placed into custody for the warrant and charged with the possession of the suspected fentanyl. The Subject Telephones were placed into TORBERT's property at the Hamilton County Justice Center. On March 15, 2019, SA Tyler Field and SA Phil Brown picked up the Subject Telephones from the Hamilton County Justice Center, Property Section and took them to the DEA Cincinnati Resident Office for processing and safekeeping.

14. On March 13, 2019, at approximately 8:40 p.m., the Honorable Ted N. Berry, Municipal Court Judge in Hamilton County, Ohio, signed a search warrant authorizing the search

6

of 2504 Kipling Avenue, Apartment 2, to include the common basement. At approximately 8:50 p.m., the DEA Cincinnati Resident Office and the Cincinnati Police Department executed the search warrant, making entry into 2504 Kipling Avenue, Apartment 2, using a key on the key chain that had been seized from TORBERT. Inside the apartment, officers/agents located a small bag containing approximately a gram of suspected heroin/fentanyl, an empty kilogram-sized vacuum-seal bag with suspected heroin/fentanyl residue, suspected drug ledgers, 7 cellular telephones and drug preparation and packaging materials to include gloves, a scale, a blender, a vacuum sealer, and vacuum seal bags. Based on my training and experience, I am aware that drug traffickers often obtain controlled substances in kilogram-sized quantities and then use blenders and cutting materials to add volume to the controlled substances for future distribution. I am also aware that drug traffickers often use scales to measure out controlled substances for future distribution. Consequently, I believe that they empty kilogram-sized vacuum-seal bag previously contained a quantity of controlled substances that TORBERT subsequently distributed. I further believe that TORBERT had prepared for future distribution the small bag of suspected heroin/fentanyl found on his person at the traffic stop.

15. In the common area in the basement, officers/agents located a locked closet labelled with the number "1" on it. A key from the key chain previously seized from TORBERT opened the closet. Inside the closet, officers/agents located two presses with suspected heroin/fentanyl residue and three firearms, two of which were loaded, to include a Glock pistol. Based on my training and experience, I am aware that Glock firearms are manufactured outside of the state of Ohio. Based on my training and experience, I am aware that drug traffickers often use presses to shape controlled substances into a brick form for later distribution. SA Field spoke with the resident of 2504 Kipling Avenue, apartment 1, who told him that the closet marked with

"1" on it was not his assigned storage closet. The resident showed me the location of his unit's assigned closet, which was located in a different area of the basement.

16. Also located in the common area in the basement was a stove unit. Officers/agents moved the stove and located approximately 1,000 grams of suspected heroin/fentanyl. Based on my training, experience, discussions with other law enforcement officers/agents, officers/agents observation of TORBERT walked out of 2504 Kipling Avenue and conducting a suspected drug transaction on March 10, 2019, officers/agents observations of TORBERT departing 2504 Kipling Avenue on March 13, 2019, my knowledge that TORBERT was subsequently stopped by police and admitted to possessing suspected heroin/fentanyl, my knowledge that TORBERT possessed keys to 2504 Kipling Avenue, Apartment 2, where officers/agents located an empty kilogram-sized bag containing suspected heroin/fentanyl residue, drug preparation and packaging material, and a small bag containing suspected heroin/fentanyl, my knowledge that TORBERT also possessed keys to a closet in the common area in the basement of 2504 Kipling Avenue where officers/agents located presses with suspected heroin/fentanyl residue and three firearms, and my knowledge that officers/agents located approximately 1,000 grams of suspected heroin/fentanyl in the common area in the basement in close proximity to the storage closet, I believe that TORBERT possessed the 1,000 grams of suspected heroin/fentanyl. I further believe that TORBERT intended to distribute these controlled substances.

17. Based on my training, experience, conversations with other law enforcement agents/officers, my knowledge that Cincinnati Police department officers observed TORBERT sell heroin to a CS, my knowledge that TORBERT's wire and electronic communications were intercepted discussing the coded distribution of controlled substances, my knowledge that TORBERT was observed meeting briefly with those individuals that were also intercepted

communicating with TORBERT in a manner consistent with distributing controlled substances, my knowledge of all the drug paraphernalia, processing equipment, packaging materials, firearms, kilogram press, cellular telephones and suspected kilogram of fentanyl found at TORBERT's stash house, and my knowledge that drug traffickers often use multiple phones to evade detection from law enforcement, I believe that TORBERT was utilizing multiple phones in an effort to distribute controlled substances in the Cincinnati, Ohio area and thwart detection from law enforcement. I further believe that evidence surrounding TORBERT's drug-distribution activities will be located on the Subject Telephones.

Respectfully submitted,

Michael J. Keller
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me on this 20 day of March, 2019

Honorable Stephanie K. Bowman
United States Magistrate Judge

9

## ATTACHMENT A

The property to be searched is:

iPhone: Model A1533
FCC ID: BCG-E2642A
IMEI: 352006066069759

iPhone: Model A1586
FCC ID: BCG-E2816A
IMEI: 356151092640383

iPhone: Rose Gold
SIM: 8901260152799664326
SIM Holder: 352990098531334

Samsung: Model SM-J260T1
S/N: J260T1UVU1ARK8
IMEI: 352475/10/049910/0

Kyocera: Model C5170
FCC ID: V65C5170
DEC: 268435459914918932

iPhone: Model A1688
IC: 579C-E2946A

Samsung: Model SM-G928T
IMEI: 353753070557092

Samsung: Model SM-G550T1
IMEI: 354151/08/297690/6

LG: Model LM-X210MA
S/N: 811CYBD618405
IMEI: 352737-10-618405-5

Coolpad: Model 3622A
IMEI: 863519033580932

ZTE: Model Z833
S/N: 325166802157
IMEI: 862147031940634

Nokia: Model 111.1
IMEI: 358122/05/254772/6

**Located at the** DEA Cincinnati Resident Office
36 E. 7th Street, Suite 1900
Cincinnati, Ohio

hereinafter the "Subject Telephones."

The Subject Telephones are currently located at the DEA Cincinnati Resident Office 36 E. 7th Street, Suite 1900, Cincinnati, Ohio 45202.

This warrant authorizes the forensic examination of the Subject Telephones for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1. All records on the Devices described in Attachment A that relate to violations of 21 U.S.C. §§ 841(a)(1) and 846 and involve Oscar TORBERT and other yet unknown individuals including:

   a. Evidence that shows the Device was used to further facilitate the distribution of illegal narcotics;

   b. lists of customers and related identifying information;

   c. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   d. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

   e. any information recording schedules or travel;

   f. any and all stored telephone numbers;

   g. any and all text messages, to include incoming, outgoing, saved, deleted, and drafts;

   h. Any and all emails, sent, received, delete, draft and/or saved;

   i. any and all voicemails;

   j. any and all photographs, electronic images, video recordings, and/or images saved and/or deleted on the cellular device;

   k. Any and all data retrieved from Apps on the device;

   l. any and all entries made in a calendar and/or notebook feature;

   m. any and all personal numbers associated with the cellular device to include the telephone number, push-to-talk number, make, model, carrier, ESN, IMEI, ICCID, MEID, SEID, and or IMSI.

2. Evidence of user attribution showing who used or owned the Subject Telephones at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.